843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SPINELLI, KEHIAYAN-BERKMAN, S.A., an Argentine Corporation,
Plaintiff-Appellee,
v.
IMAS-GRUNER, A.I.A. & Associates, a Maryland partnership,
Juan Gruner, Lelia E. Imas, also known as Lelia
Imas Gruner, Defendants-Appellants,
v.
Rafael VINOLY, Executor, Jaime Berkman, Third Party Defendants.
 No. 86-3817.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1988.
Decided March 31, 1988.
 
 Barbara J. Hill (Stephen Leventhal on brief) for appellants.
 Robert James Beagan (Craig A. Kirby; Mark J. Stone, Katz, Flinn & Beagan on Brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendants Imas-Gruner, A.I.A., and its general partners Juan Gruner and Lelia Imas, were found to have breached their fiduciary duty towards Spinelli Kehiayan-Berkman, S.A. (SKB), with whom Imas-Gruner, A.I.A. had formed the Five Seasons Partnership, a general partnership. In a prior appeal, we affirmed the judgment of the district court except for a minor adjustment of interest on the judgment and a more exact determination of an offset against the judgment. Spinelli, Kehiayan-Berkman, S.A. v. Imas-Gruner, A.I.A., No. 85-1790 (4 Cir., June 17, 1986) (unpublished). After entry of judgment, defendants discovered new evidence that they considered supportive of their contention that no breach of fiduciary duty had occurred. They moved to vacate judgment pursuant to F.R.Civ.P. 60(b)(2). The district court determined that there was "no basis in law or fact" for the vacation of judgment and denied the motion. Defendants appeal, and we affirm.
 
 
 2
 In the initial proceeding, the district court found that Juan Gruner had received without consideration a 29 percent interest in Colspring Associates Ltd., which purchased the Silver Spring Business Center (SSBC) from the Five Seasons Partnership. The court determined that as a general partner in Five Seasons, Gruner's participation in this transaction breached his fiduciary duty towards SKB both because he engaged in it without SKB's knowledge and because his 29 percent interest represented part of the purchase price which should have gone to the partnership rather than to Gruner individually. In the prior appeal, we affirmed this ruling. Spinelli, Kehiayan-Berkman, S.A. v. Imas-Gruner, supra.
 
 
 3
 After the district court ruling, the defendants discovered that Horacio Rossi, a general partner in Colspring Associates, had spoken with Roberto Spinelli in 1982, and that Spinelli informed Rossi that because of Gruner's association with Colspring, Spinelli would conduct negotiations for the sale of SSBC. Rossi inferred from Spinelli that Spinelli was fully aware of Gruner's participation in Colspring.
 
 
 4
 Rule 60(b)(2) requires that before new evidence will justify relief from a final judgment, the evidence must have been discovered after the trial; it cannot have been discoverable before the trial with the exercise of due diligence; and it must be of such a character as probably to change the outcome of the case. See Mumford v. Bowen, 814 F.2d 328, 329-30 (7 Cir.1986). The affidavit of Rossi could not possibly have changed the verdict. We stated in our opinion in the prior appeal that "[w]hether or not his conduct was secret, Gruner still pocketed a partnership interests worth $755,634 by selling a property that belonged not to him but to Five Seasons." Slip opinion at 10-11. Spinelli's knowledge is therefore wholly irrelevant to Gruner's liability.
 
 
 5
 AFFIRMED.